RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  09 / 16 / 05
BY  JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SILAVONG SOMANOUK,<br>Petitioner | CIVIL ACTION<br>NO. CV04-1606-M |
| VERSUS | |
| TOM RIDGE, et al.,<br>Respondents | JUDGE ROBERT G. JAMES<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Silavong Somanouk ("Somanouk") filed a petition for writ of habeas corpus filed by on August 2, 2004. Somanouk, a native of Laos who was being detained by the Immigration and Customs Enforcement ("ICE") pending his removal from this country, contended he could not afford the bond set by ICE, which resulted in his continued incarceration. The sole relief sought by Somanouk was release pending his removal.

On June 15, 2005, this court ordered Somanouk to fill out a financial affidavit and return it to this court within thirty days, in order to show he could not afford to pay his bond (Doc. Item 23). At that time, Somanouk was being detained in the Tensas Parish Detention Center in Waterproof, Louisiana. That order was returned to this court on June 27, 2005, marked "Return to Sender - Inmate No Longer at This Facility" (Doc. Item 24).

On July 15, 2005, the respondents file a "response" (Doc. Item 25) to the court's June 15, 2005 order, accompanied by documentary

evidence which shows Somanouk was released from custody, under supervision, on June 2, 2005 (Doc. Item 25).

Since Somanouk has been afforded the sole relief sought in his habeas petition, his petition should be dismissed as moot.[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Somanouk's habeas petition be DENIED AND DISMISSED WITH PREJUDICE AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District

---

[1] It is further noted that Somanouk failed to apprise the court of his change of address. Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Since Somanouk failed to inform the court of his address change within 30 days after his mail was returned to the Clerk of Court, and has made no inquiry about this case nor attempted in any way to further prosecute the case, this case could also be dismissed without prejudice for failure to prosecute pursuant to LR41.3W and Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.734 (1962); Rogers v. Kroger Co., 669 F.2d 317, 320-21 (5th Cir. 1982).

Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 16th day of September, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE